UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ELZIE HARRISON                                                                                          PETITIONER

v.                                                                      CIVIL ACTION NO. 3:14-cv-579-HTW-LRA

TIMOTHY OUTLAW                                                                                    RESPONDENT

REPORT AND RECOMMENDATION

This case is before the undersigned for a Report and Recommendation as to Respondent's Motion to Dismiss pursuant to 28 U.S.C. § 2244(d). [7]. For reasons set out below, the undersigned recommends that the motion be **granted**.

FACTS AND PROCEDURAL HISTORY

Following a jury trial in the Circuit Court of Neshoba County, Mississippi, Petitioner was convicted of two counts of statutory rape and three counts of sexual battery. By Order dated July 16, 2009, Petitioner was sentenced to sixty years imprisonment, with ten years suspended and fifty years to serve "day for day." [7-1]. Petitioner appealed and his conviction was affirmed by the Mississippi Court of Appeals, by opinion dated December 9, 2010. *Harrison v. State*, 49 So. 3d 80 (Miss. 2010). Plaintiff did not seek further review of that decision.

On September 11, 2012, Petitioner filed a Motion for Out-of-Time Appeal and For Leave to Proceed in the Lower Court with the Mississippi Supreme Court. [7-3]. This motion was denied by Order filed December 5, 2012. [7-4]. On December 23, 2013, Petitioner filed a Motion for Leave to File Motion for Post-Conviction Collateral Relief with the Mississippi Supreme Court. [7-5]. That motion was denied by Order dated March 5, 2014. [7-6].

Petitioner did not date his petition filed with this Court, but the envelope received with

1

the petition is postmarked July 15, 2014, and the date of actual filing was July 28, 2014.[1] [1].

Respondent has moved to dismiss the petition as barred by the applicable one year statute of limitations, and Petitioner has responded to the motion.

## DISCUSSION

Respondent cites 28 U.S.C. § 2244(d) as the basis for his motion to dismiss. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

---

[1] "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished). In this case, however, Petitioner did not sign the originally filed Petition. The Court ordered Petitioner to submit a signed Petition, which he dated August 5, 2014. [4] at 15.

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his case. Asserting that the petition does not fall within any of the categories listed in § 2244(d)(1)(B)-(D), Respondent argues that it is untimely. Respondent contends that adding 90 days[2] to December 9, 2010, plus the one year limitations period, Petitioner had until March 9, 2012, to file his petition with this Court. Instead, he filed it in July, 2014, more than two years late. Respondent also argues that the petitions for post-conviction relief filed in state court were not filed prior to the expiration of the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A), and therefore, those pleadings did not toll the limitation period pursuant to 28 U.S.C. § 2244(d)(2). *See Bingham v. Anderson*, 21 F. Supp.2d 639, 641 (S.D. Miss. 1998)(Mississippi three year statute of limitations for post-conviction relief petitions does not extend federal one year habeas statute). Though a properly filed state court petition for post-conviction relief does toll the limitations period, the federal statute of limitations which governs this case does not begin to run one year from the time any post-conviction motion is decided, but one year from the date conviction is final. Petitioner did not file in state court within one year of the date his conviction was final.

The Court agrees with Respondent that Petitioner has not presented "rare and

---

[2] Respondent adds 90 days since Petitioner did not seek a *writ of certiorari* from the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 n. 14 (5th Cir. 2003).

exceptional" circumstances warranting a tolling of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way); *Felder v. Johnson*, 204 F. 3d 168, 170-71 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"). The petition form utilized by Petitioner requires an explanation in the event a petition is filed more than a year after the conviction at issue became final. [1] at ¶ 18. Petitioner left that section blank. Petitioner asserts in response to the motion that he has a learning disability, and that his petition was late due to ineffective assistance of counsel. However, the undersigned is not persuaded that his failure to timely file should be excused.

Though the Fifth Circuit has held that mental incompetency could in some circumstances warrant equitable tolling, Petitioner has not demonstrated that his alleged need for special education in school in any manner hindered his efforts to file the instant petition. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Petitioner also argues that he hired an attorney to seek post-conviction relief in state court on March 11, 2011, and paid the attorney in July, 2011. Respondent points out that even if the petition for post-conviction relief had been filed in March 2011, the decision denying it was reached on December 5, 2012. Accordingly, even if the limitations period was tolled while Petitioner had an attorney, Petitioner should have filed in this Court, at the latest, by December 4, 2013. Petitioner did not file the instant petition until July, 2014.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss [7] should be **granted,** and this case should be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

RESPECTFULLY SUBMITTED this the 1st day of December, 2014.

>   /s/ Linda R. Anderson  
>   UNITED  STATES MAGISTRATE JUDGE